■ In the Matter of the Arbitration between PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant, and ESTHER B. SCHWARTZ et al., Respondents. — In a proceeding to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Burstein, J.), dated April 25, 1983, which dismissed the petition.

Order reversed, on the law, without costs or disbursements, petition reinstated and matter remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether or not there was contact between the vehicle insured by petitioner and an alleged hit-and-run vehicle.

Petitioner commenced this proceeding to stay the arbitration demanded by respondents under a policy of insurance issued by it covering a car owned and operated by respondent Esther Schwartz at the time it allegedly was involved in a hit-and-run accident. The petition to stay arbitration was predicated on an allegation that respondents failed to furnish petitioner with sufficient proof that the hit-and-run accident actually occurred. Respondents opposed the petition, asserting an affirmative defense that petitioner is precluded from asserting that the respondents are not entitled to uninsured motorist coverage because it failed to issue a timely written notice of disclaimer of liability and/or denial of coverage pursuant to subdivision 8 of section 167 of the Insurance Law. Citing *Zappone v Home Ins. Co.* (55 NY2d 131), Special Term dismissed the petition, finding that the disclaimer of liability, made more than eight months after petitioner received respondents' notice of intention to make a claim, was untimely.

Petitioner presently argues that Special Term erred in dismissing the petition because compliance with subdivision 8 of section 167 of the Insurance Law was not required and because it should not have been precluded by reason of a supposed violation of that statute from opposing respondents' claims of physical contact.

Subdivision 8 of section 167 of the Insurance Law requires that an insurer give written notice of disclaimer of liability or denial of coverage as soon as is reasonably possible. In *Zappone v Home Ins. Co.* (55 NY2d 131, *supra*) the Court of Appeals held that subdivision 8 of section 167 does not require written notice of disclaimer under all circumstances, but only where the policy of insurance covered the driver and the vehicle, and would have covered the accident but for an alleged exclusion in the policy. In the instant case, unless the accident arose through involvement with an uninsured automobile ("a hit-and-run automobile" as defined in the New York automobile accident and indemnification endorsement to the policy of insurance issued by petitioner, that is, one which causes injury arising out of physical contact with the automobile of the insured), it cannot be said that petitioner's policy covered the vehicle involved (see *Matter of Aetna Cas. & Sur. Co. v Smith,* 100 AD2d 751). If the policy did not cover the vehicle involved, there would be no duty upon petitioner to deny coverage pursuant to subdivision 8 of section 167 of the Insurance Law.

In view of the fact that the issue of whether there was physical contact between the insured vehicle and the alleged hit-and-run automobile cannot be resolved on the affidavits submitted by the

parties, a hearing is required. Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.