■ In the Matter of ATLANTIC MUTUAL INSURANCE COMPANY, Respondent, v NEJHLA SHAW, Appellant. [635 NYS2d 297] —In a proceeding to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Kutner, J.), entered November 30, 1993, which denied the appellant's motion to vacate a judgment of the same court, entered August 19, 1993, upon her default, permanently staying arbitration.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether or not there was physical contact between the vehicle insured by the petitioner and the alleged offending vehicle.

Physical contact is a condition precedent to an arbitration that is based on a so-called hit-and-run accident (*see*, Insurance Law § 5217; *Matter of Smith [Great Am. Ins. Co.]*, 29 NY2d 116; *Matter of Empire Mut. Ins. Co. [Zelin]*, 120 AD2d 365). When there is a genuine triable issue of fact with regard to whether the claimant's vehicle actually came into contact with the offending vehicle, the appropriate procedure is to stay the arbitration pending a hearing on that issue (*see, Matter of Empire Mut. Ins. Co. v Zelin, supra; Matter of Allstate Ins. Co. v Jacobs*, 85 AD2d 542). The appellant's affidavit creates an issue of fact with regard to physical contact which must be resolved at a hearing (*see, Matter of Prudential Prop. & Cas. Ins. Co. v Schwartz*, 104 AD2d 557).

It is well settled that a party seeking to vacate a default judgment on the ground of excusable default (*see*, CPLR 5015 [a] [1]) must establish both a meritorious claim and a reasonable excuse for the default (*see, Schiavetta v McKeon*, 190 AD2d 724, 725). The appellant's affidavit establishes a meritorious claim. The appellant has also established a reasonable excuse for failing to respond to the petition. Since the petition sought a stay pending a hearing on the issue of physical contact and the appellant had no objection to a hearing on that issue, she did not oppose the petition. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.