■ In the Matter of FEDERAL INSURANCE COMPANY, Respondent, v JO ANN LUHMANN, Appellant. [645 NYS2d 86] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of the appellant's uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (O'Brien, J.), dated July 17, 1995, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

An unidentified vehicle allegedly cut off a police car, causing the police car to strike the appellant's car, propelling it into an unoccupied, parked vehicle. The appellant allegedly suffered injuries in the accident and made a claim for uninsured motor-

ist benefits with her insurance carrier, the petitioner Federal Insurance Company, a member of the Chubb Group of Insurance Companies (hereinafter Chubb). Chubb then commenced the instant proceeding to stay arbitration, asserting that the appellant was not entitled to arbitration of her claim because, *inter alia,* there had been no "physical contact" with the unidentified vehicle. The Supreme Court granted the petition on this basis, and we affirm.

It is well settled that pursuant to Insurance Law § 5217, "[p]hysical contact is a condition precedent to an arbitration that is based on a so-called hit-and-run accident" (*Matter of Atlantic Mut. Ins. Co. v Shaw,* 222 AD2d 581). Although direct contact with the unidentified vehicle is not necessary to satisfy the term " 'physical contact' " (*Matter of Smith [Great Am. Ins. Co.],* 29 NY2d 116, 118; *MVAIC v Eisenberg,* 18 NY2d 1), in the instant case the court properly granted the petition and stayed arbitration of the appellant's claim because the underlying accident did not originate "in collision with an unidentified vehicle, or an integral part of an unidentified vehicle" (*Matter of Allstate Ins. Co. v Killakey,* 78 NY2d 325, 329; *see, Matter of Smith [Great Am. Ins. Co.], supra,* at 119-120). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.