■ In the Matter of AETNA LIFE & CASUALTY, Appellant, v GLORIA GRAMAZIO, Respondent. [662 NYS2d 273] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), dated September 18, 1996, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Physical contact is a condition precedent to an arbitration based on a so-called hit-and-run accident (*see,* Insurance Law § 5217; *Matter of Federal Ins. Co. v Luhmann,* 229 AD2d 438; *Matter of Atlantic Mut. Ins. Co. v Shaw,* 222 AD2d 581). Since there was a question of fact as to whether physical contact occurred, the Supreme Court properly conducted a hearing on this issue (*see, Matter of Atlantic Mut. Ins. Co. v Shaw, supra; Matter of Allstate Ins. Co. v Weiss,* 178 AD2d 529). The evidence adduced at the hearing made determination of this issue of fact dependent, in substantial measure, upon an assessment of the credibility of the witnesses. The Supreme Court, which saw and heard the witnesses, was in a better position to make such an evaluation than this Court based on a review of the transcript of the hearing testimony (*see, Matter of Aetna Cas. & Sur. Co. [Holler],* 52 AD2d 1041). We have reviewed the record, and find that the Supreme Court's determination that there was physical contact between the respondent's vehicle and a hit-and-run vehicle is supported by a fair interpretation of the evidence, and we find no basis to disturb that determination. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.