■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v SVETLANA RIAZ, Respondent. [678 NYS2d 507] —In a proceeding pursuant to CPLR 7503 to stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated September 4, 1997, which denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court did not err in denying the petition to stay arbitration. The record does not support the petitioner's allegation that the respondent insured failed to cooperate with the investigation of her claim. Moreover, the record indicates that the petitioner had ample time to seek discovery of the insured, but that it unjustifiably failed to do so (see, Matter of Liberty Mut. Ins. Co. v DeCaro, 244 AD2d 487; Matter of Allstate Ins. Co. v Urena, 208 AD2d 623). Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.

■ In the Matter of ATLANTIC MUTUAL INSURANCE COMPANY, Respondent, v ARLEEN S. ROTH, Appellant. [678 NYS2d 507] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Trainor, Ref.), dated September 2, 1997, which, after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The determination that there was no physical contact between the appellant's automobile and an alleged hit-and-run vehicle is supported by a fair interpretation of the evidence adduced at the hearing and should not be disturbed (see, Matter of Aetna Life & Cas. v Gramazio, 242 AD2d 530).

The appellant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.