■ ·In the Matter of COUNTRY-WIDE INSURANCE COMPANY, Appellant, v WILFREDO COLON, Respondent. [720 NYS2d 71] —Order, Supreme Court, New York County (Alfred Toker, J.H.O.), entered February 4, 2000, which, after a hearing, granted respondent's motion to lift a temporary stay and denied the petition for a permanent stay of arbitration, unanimously reversed, on the law, without costs, respondent's motion denied, the petition granted and a permanent stay of arbitration issued. Appeal from order, same court (Stanley Parness, J.), entered January 8, 1999, unanimously dismissed, without costs, as academic in view of the foregoing.

Respondent allegedly sustained personal injuries as a result of a motor vehicle accident in September 1997 and petitioner sought to stay arbitration of respondent's claim for uninsured motorist benefits in May 1998 on the ground that only respondent's vehicle was involved. In August 1998, the IAS Court granted a permanent stay on respondent's default. Thereafter, respondent moved to vacate his default on the basis of his affidavit in which he stated that the accident was caused when his vehicle was "cut off" by another vehicle as a result of which he lost control and his vehicle left the road, striking a building. At a subsequent hearing, the investigating officer testified that there was no second vehicle involved in the accident. The uninsured motorist endorsement to respondent's insurance policy provides for coverage for accidents caused by uninsured motor vehicles and requires physical contact between such other vehicle and either the insured or his vehicle. This endorsement mirrors the language of Insurance Law § 5217. Physical contact is a condition precedent to an arbitration based on a "hit and run" accident and the burden of proof to demonstrate physical contact is upon the insured (*Matter of Atlantic Mut. Ins. Co. v Shaw*, 222 AD2d 581; *Matter of Allstate Ins. Co. v Killakey*, 78 NY2d 325, 329). In the absence of any proof of physical contact between either respondent or his vehicle and the motor vehicle which respondent claims cut him off, arbitration was properly stayed. Concur—Andrias, J. P., Lerner, Saxe, Buckley and Friedman, JJ.