(August 20, 2001)

■ ALLSTATE INSURANCE COMPANY, Appellant, v GEORGE DURAND et al., Respondents. [729 NYS2d 192] —In a purported proceeding, *inter alia,* for a judgment declaring that the petitioner has no duty to defend or indemnify the respondents George Durand and Annette Durand in connection with a personal injury action pending in the Supreme Court, Nassau County, entitled *Polanco v Durand* under Index No. 10098/98, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated August 24, 2000, which denied the petition and declared that it has a duty to defend and indemnify respondents George Durand and Annette Durand in connection with that action.

Ordered that the proceeding is converted to an action for a declaratory judgment, and the caption is amended accordingly;

and it is further,

Ordered that the judgment is affirmed, with costs.

Allstate Insurance Company (hereinafter Allstate), requested a judicial declaration of its rights and obligations under a policy of insurance. Therefore, this purported special proceeding must be converted into an action for a declaratory judgment (*see,* CPLR 103 [c]; *Matter of First Natl. City Bank v New York Fin. Admin.,* 36 NY2d 87; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400; *Town of Fishkill v Royal Dutchess Props.,* 231 AD2d 511).

The Supreme Court correctly determined that Allstate failed to meet its heavy burden of proving that its insureds, the respondents George Durand and Annette Durand, violated their contractual obligation to cooperate with it in its handling of the claim by the respondent Irma Polanco (*see, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159). Indeed, Allstate failed to demonstrate that its insureds were responsible for the default in the underlying action or that they willfully failed to cooperate. The record amply supports the averments of George Durand that his deposition was rescheduled on numerous occasions for reasons not of his making. Only once was his deposition rescheduled because Mr. Durand was too ill to attend. However, neither this sole incident nor Mr. Durand's expressed general mistrust of attorneys justifies a finding that he was intentionally uncooperative so as to warrant a disclaimer of coverage (*see, Pawtucket Mut. Ins. Co. v Soler,* 184 AD2d 498). Although this Court affirmed the order striking the Durands' answer in the underlying action due to discovery defaults (*see, Polanco v Duran,* 278 AD2d 397), that disposition was attributable to the actions and inactions of the Durands' attorney, assigned by Allstate, to defend them. Moreover, Allstate adduced no evidence that Annette Durand, also a named insured, failed to do anything required of her. Accordingly, the Supreme Court correctly declared that Allstate was obligated to defend and indemnify the respondents George Durand and Annette Durand. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.