■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v VALARIE JOHNSON et al., Respondents. [732 NYS2d 21] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated December 14, 2000, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, to determine, after a hearing, the issue of whether there was any physical contact between the vehicle owned by Elsie Toussaint and the alleged hit-and-run vehicle.

Physical contact is a condition precedent to an arbitration

based upon a hit-and-run accident involving an unidentified vehicle (*see,* Insurance Law § 5217; *Matter of Allstate Ins. Co. v Taylor,* 271 AD2d 443; *Matter of Aetna Life & Cas. v Gramazio,* 242 AD2d 530). While direct contact between the insured's vehicle and the unidentified vehicle is not required where the collision involves multiple vehicles, the underlying accident must originate from a "collision with an unidentified vehicle, or an integral part of an unidentified vehicle" (*Matter of Allstate Ins. Co. v Killakey,* 78 NY2d 325, 329; *see, Matter of Allstate Ins. Co. v Basdeo,* 273 AD2d 466; *Matter of Federal Ins. Co. v Luhmann,* 229 AD2d 438, 439). In this case, there is a triable issue of fact as to whether the accident originated from a collision with the unidentified vehicle. Accordingly, the Supreme Court erred in dismissing the proceeding to stay arbitration without conducting a hearing on the issue (*see, Matter of Atlantic Mut. Ins. Co. v Roth,* 253 AD2d 875; *Matter of Aetna Life & Cas. v Gramazio, supra; Matter of Maryland Cas. Co. v Piasecki,* 235 AD2d 423).

In the event the Supreme Court determines that this is a valid uninsured motorist claim, the petitioner is entitled to have the respondent Valarie Johnson submit to a physical examination and an examination under oath (*cf., Matter of Allstate Ins. Co. v Faulk,* 250 AD2d 674). Santucci, J. P., Florio, H. Miller and Cozier, JJ., concur.