■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v YURIY MOSHEVEV et al., Respondents. [737 NYS2d 118] —In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 25, 2000, which dismissed the proceeding and granted the respondents' cross application to compel the parties to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, the cross application is denied, the matter is remitted to the Supreme Court, Suffolk County, for separate examinations of the respondents under oath and a hearing on the issue of whether the respondents' vehicle came into contact with a hit-and-run vehicle, and the arbitration is temporarily stayed pending a new determination in accordance herewith.

On December 9, 1999, the respondents were travelling on the Long Island Expressway when their vehicle allegedly came into contact with a hit-and-run vehicle. The respondents submitted a claim to their insurance company, the petitioner. The petitioner sought to examine each of the respondents under oath, but the respondents stated that they would submit to an examination only if they were allowed to be present at each of the respondents' examinations. The petitioner refused. Subsequently, the respondents served the petitioner with a demand for arbitration under the insurance policy provision providing for arbitration in the event of contact with a hit-and-

run vehicle. The petitioner sought a permanent stay of arbitration or, alternatively, a temporary stay of arbitration pending a hearing on the issue of the respondents' failure to cooperate and the issue of whether there was actual contact between the respondents' vehicle and the hit-and-run vehicle. The respondents opposed the petition for a stay and made a cross application to compel the parties to proceed to arbitration. In support of their cross application, the respondents submitted an affidavit of one of the respondents, who was a passenger in the vehicle, which stated that there was contact with an unidentified vehicle. Relying on this affidavit, the Supreme Court dismissed the proceeding and directed the parties to proceed to arbitration.

The respondents have no right to be present at each others' examinations since the examinations were requested pursuant to an insurance policy and not as part of a legal action (*see, Dyno-Bite v Travelers Cos.,* 80 AD2d 471; *Sabel v Insurance Co. of N. Am.,* 251 AD2d 645).

Furthermore, physical contact is a condition precedent to an arbitration that is based on a hit-and-run accident (*see, Atlantic Mut. Ins. Co. v Shaw,* 222 AD2d 581). A stay pending a hearing is the appropriate procedure when there is a triable issue of fact with regard to a condition precedent to arbitration (*see, Atlantic Mut. Ins. Co. v Shaw, supra* at 581). In this case, the respondents' refusal to separately be examined under oath precluded the petitioner from making any meaningful investigation into the facts underlying the respondents' insurance claim. Accordingly, the matter is remitted to the Supreme Court for separate examinations of the respondents under oath and a hearing on the issue of whether the respondents' vehicle came into contact with a hit-and-run vehicle. Krausman, J.P., Luciano, Adams and Townes, JJ., concur.