■ In the Matter of GREAT NORTHERN INSURANCE COMPANY, Respondent, v ALAN BALLINGER et al., Appellants. [757 NYS2d 309] —In a proceeding pursuant to CPLR article 75, inter alia, to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Suffolk County (Oliver, J.), entered March 6, 2002, which granted the petition and stayed arbitration.

Ordered that the order is reversed, on the law, with costs, that branch of the petition which was for a temporary stay of arbitration pending a hearing is granted, and the matter is

remitted to the Supreme Court, Suffolk County, for a hearing on the issue of whether there was any physical contact between the nonparty Howard Druckman's bicycle and an alleged hit-and-run vehicle.

Physical contact is a condition precedent to an arbitration based upon a hit-and-run accident involving an unidentified vehicle (*see* Insurance Law § 5217; *Matter of State Farm Mut. Auto. Ins. Co. v Johnson,* 287 AD2d 640 [2001]). While direct contact between the insured and the unidentified vehicle is not required, the physical contact, as contemplated by Insurance Law § 5217, must involve the continued transmission of force indirectly or simultaneously through an intermediate agency, and the initial impact must be that of a collision between the unidentified vehicle with the complainant, the vehicle occupied by him, an obstruction, or other object causing the bodily injury (*see Matter of Smith [Great Am. Ins. Co.],* 29 NY2d 116, 119 [1971]; *Matter of Allstate Ins. Co. v Killakey,* 78 NY2d 325 [1991]). Arbitration is not foreclosed when the accident originates with the unidentified vehicle (*see Matter of Allstate Ins. Co. v Killakey, supra; see generally Motor Veh. Acc. Indem. Corp. v Eisenberg,* 18 NY2d 1 [1966]).

In this case, the police reports concerning the accident do not state that there was any contact with the unidentified vehicle. The appellants raised an issue of fact in this regard by supplying an affidavit of the nonparty, Howard Druckman, in which Druckman averred that the unidentified motor vehicle abruptly crossed into his path causing a collision between the unidentified vehicle and Druckman's bicycle which then caused a collision between Druckman's bicycle and the injured appellant's bicycle. Under these circumstances, the matter must be remitted to the Supreme Court, Suffolk County, for a hearing to determine if there was physical contact between the unidentified motor vehicle and Druckman's bicycle. Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.