■ In the Matter of METROPOLITAN PROPERTY AND CASUALTY COMPANY, Respondent, v READE SANDS, Appellant. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Nonparty Respondent. [772 NYS2d 850]—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (John J.J. Jones, Jr., J.), entered May 8, 2003, which, upon a decision of the same court dated February 26, 2003, made after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order and judgment is affirmed, with costs.

"It is well established that the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not be reached on any fair interpretation of the evidence, especially in cases resting in large part on the credibility of witnesses" (*Matter of Allstate Ins. Co. v McMahon*, 251 AD2d 571, 572 [1998]; *see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *Matter of State Farm Mut. Auto. Ins. Co. v Mucerino*, 275 AD2d 464 [2000]; *Matter of Aetna Life & Cas. v Gramazio*, 242 AD2d 530 [1997]). The determination that there was no physical contact between the appellant's automobile and an alleged hit-and-run vehicle is supported by a fair interpretation of the evidence adduced at the hearing and should not be disturbed (*see Matter of State Farm Mut. Auto. Ins. Co. v Mucerino, supra; Atlantic Mut. Ins. Co. v Roth*, 253 AD2d 875 [1998]; *Matter of Aetna Life & Cas. v Gramazio, supra*). Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.