CATHERINE PARK et al., Appellants, v LONG ISLAND INSURANCE COMPANY, Respondent. [787 NYS2d 98]—

In an action, inter alia, for a judgment declaring the parties' rights under a certain insurance policy, the plaintiffs appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated July 8, 2003, which granted the defendant's motion for summary judgment and denied those branches of their cross motion which were for summary judgment, or in the alternative, to reschedule the examination under oath of the plaintiff Tracy Dwight Park.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the defendant is directed to reschedule the examination under oath of the plaintiff Tracy Dwight Park, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant's denial of no-fault insurance benefits, in effect, on the ground that the plaintiffs engaged in a pattern of unreasonable and willful noncooperation was improper.

The plaintiff Tracy Dwight Park (hereinafter the injured plaintiff) allegedly was injured in a motor vehicle accident while operating a vehicle owned by the plaintiff Catherine Park, his spouse, and insured by the defendant. The plaintiffs submitted a claim for no-fault benefits to the defendant. The defendant

sought to examine the injured plaintiff under oath in accordance with the terms of the insurance policy, but he refused to submit to the examination unless his wife was allowed to be present. In response, the defendant denied the plaintiffs' claim for no-fault benefits on the ground that the plaintiffs failed to cooperate with its investigation. The plaintiffs commenced this action, inter alia, for a judgment declaring the parties' rights under the insurance policy. The Supreme Court granted the defendant's motion for summary judgment and denied those branches of the plaintiffs' cross motion which were for summary judgment, or in the alternative, to reschedule the examination under oath of the injured plaintiff. The Supreme Court concluded that the plaintiffs' failure to cooperate with the insurer constituted a material breach of the policy. We disagree.

The Supreme Court correctly concluded that the plaintiffs had "no right to be present at each others' examinations since the examinations were requested pursuant to an insurance policy and not as part of a legal action" (*Matter of Allstate Ins. Co. v Moshevev,* 291 AD2d 401, 402 [2002]; *see Dyno-Bite, Inc. v Travelers Cos.,* 80 AD2d 471 [1981]). Nevertheless, we conclude that the defendant failed to sustain its heavy burden of demonstrating that the plaintiffs engaged in a pattern of unreasonable and willful noncooperation so as to warrant denial of the claim (*see Laiosa v Republic Ins. Co.,* 217 AD2d 605 [1995]; *Allstate Ins. Co. v Durand,* 286 AD2d 407 [2001]). Accordingly, the Supreme Court should have directed the insurance company to reschedule the injured plaintiff's examination under oath.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant's denial of no-fault insurance benefits, in effect, on the ground that the plaintiffs engaged in a pattern of unreasonable and willful noncooperation was improper (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.