■ In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, and PENNY MACKEY, as Parent and Guardian of DEANNA DELANEY, et al., Respondents. [808 NYS2d 797]—

Mugglin, J. Appeal from an order of the Supreme Court (Hummel, J.), entered September 14, 2004 in Columbia County, which, inter alia, denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner argues that respondents failed to comply with a condition precedent to supplemental uninsured motorist (hereinafter SUM) coverage when they allegedly did not return a "Proof of Claim" form as soon as practicable. On June 8, 2003, 16-year-old respondent Deanna Delaney sustained serious injuries (including fractures requiring surgery) while a passenger in a vehicle that was involved in a single vehicle accident in Tennessee. Her mother, respondent Penny Mackey, was an insured under a policy issued by petitioner that included SUM coverage of $25,000 per person, $50,000 per accident. By letter dated July 1, 2003, respondents' attorney notified petitioner of a no-fault claim and a "potential uninsured/underinsured motorist claim" as a result of the accident. Respondents' attorney sent another letter dated July 15, 2003 enclosing a police report of the accident and indicating no coverage existed from any other policy in the household or from the vehicle involved in the accident.

In January 2004, respondents' attorney informed petitioner that a SUM claim would be pursued. Petitioner responded by letter dated January 8, 2004 in which it sought additional information and enclosed a "Proof of Claim" form that it requested the insured complete and return to its office. Copies of Delaney's medical records were sent to petitioner in February 2004. On March 29, 2004, however, petitioner disclaimed coverage because it had not yet received the completed "Proof of Claim" form. The form, which ostensibly had been misplaced, was sent to petitioner on April 14, 2004, but petitioner stood by its disclaimer. In June 2004, respondents served a notice of arbitration regarding the SUM claim. Petitioner sought a permanent stay of the arbitration. Supreme Court denied the petition and this appeal ensued.

We affirm. The Court of Appeals has recently held that "where an insured previously gives timely notice of the accident, the carrier must establish that it is prejudiced by a late notice of SUM claim before it may properly disclaim coverage" (*Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468, 476 [2005]; *see Matter of Brandon* [*Nationwide Mut. Ins. Co.*], 97 NY2d 491,

496-497 [2002]; *cf. Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339-340 [2005]). The rationale in *Rekemeyer* applies here, as respondents' attorney supplied prompt written notice of the accident, made a claim for no-fault benefits and indicated that SUM coverage was implicated. Written notice regarding a SUM claim was repeated at least twice over the ensuing six months. Respondents forwarded to petitioner the police accident report of the accident as well as the pertinent medical records. Petitioner does not deny receiving any of these various letters and documents from respondents. Petitioner failed to show any prejudice and, under the circumstances of this case, should not be permitted to disclaim SUM coverage.

Crew III, J.P., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.