In the Matter of TRAVELERS PROPERTY CASUALTY COMPANY, Respondent, v ARON LANDAU, Appellant. [811 NYS2d 427]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, Aron Landau appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated August 2, 2005, which, after a hearing, granted the petition.

Ordered that the order is affirmed, with costs.

The evidence adduced at the framed-issue hearing revealed that the appellant exited from his parked vehicle intending to help his friend make a delivery of food he was unloading from a minivan that was parked across the street. When his friend declined his offer of help, the appellant turned and walked back to his vehicle. As he was preparing to reenter his vehicle, he was struck from behind by a minivan driven by Nuchem Grunhut.

Contrary to the appellant's contention, on this record, the Supreme Court's finding that he was not "occupying" his vehicle at the time of the accident is supported by a fair interpretation of the evidence. Issues of fact exist as to whether the appellant had departed from his vehicle incident only to some temporary interruption in the vehicle's journey so that his original occupancy could be deemed continuing in nature (*see Matter of Nassau Ins. Co. [Maylou]*, 103 AD2d 780 [1984]; *State-Wide Ins. Co. v Murdock*, 31 AD2d 978 [1969]; *compare Matter of Coregis Ins. Co. v McQuade*, 7 AD3d 794 [2004]; *Matter of*

*State Farm Auto. Ins. Co. v Antunovich,* 160 AD2d 1009, 1010 [1990]), or, if not, whether, at the moment he was struck, the appellant was actually in the process of "entering into" his vehicle or merely intending to do so (*see Rowell v Utica Mut. Ins. Co.,* 77 NY2d 636, 638-639 [1991]). These questions of fact must be resolved by the Supreme Court, which saw and heard the witnesses and was in the best position to evaluate their credibility (*see Matter of Metropolitan Prop. & Cas. Co. v Sands,* 5 AD3d 601 [2004]; *Matter of Aetna Life & Cas. v Gramazio,* 242 AD2d 530 [1997]). Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.