In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v MARK W. WARD, Appellant. [833 NYS2d 182]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for underinsured motorist benefits, Mark W. Ward appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Henry, J.), dated March 31, 2005, which granted the petition and permanently stayed the arbitration.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The appellant was injured in an automobile accident, at which time the appellant's vehicle was insured under a policy issued by New York Central Mutual Fire Insurance Company (hereinafter the petitioner). The policy provided, inter alia,

"II. Damages for Bodily Injury Caused by Uninsured Motor Vehicles

"We will pay all sums that the insured or the insured's legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by an accident arising out of such uninsured motor vehicle's ownership, maintenance or use, subject to the Exclusions, Conditions, Limits and other provisions of this SUM endorsement . . .

"V. Part E—DUTIES AFTER AN ACCIDENT OR LOSS, Part E is replaced by the following: DUTIES AFTER AN ACCIDENT OR LOSS, We have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us: A: We must be notified as soon as reasonably possible of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses."

It is well settled that a contract of insurance is no different from any other contract and must be construed in a fair and reasonable manner, having regard to the risk and subject matter of the policy, and that special rules such as liberal construction in favor of the insured and against the insurer who drew the contract apply (see Matter of Mostow v State Farm Ins. Cos., 88 NY2d 321 [1996]; Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390 [1983]; General Assur. Co. v Schmitt, 265 AD2d 299, 300 [1999] [internal quotation marks omitted] ["The law is clear that if an insurance policy is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the insured against the insurer"]).

In the present case, the petitioner clearly assumed a contractual obligation to provide coverage for the appellant unless the appellant's failure to comply with his contractual duties is prejudicial to it. Here, the appellant substantially complied with the policy's notice and proof of claim conditions insofar as he supplied the petitioner with prompt written notice of the accident, an application for no fault benefits, a sworn police accident report, and authorizations to obtain medical records. The petitioner demonstrated no prejudice in this matter stemming from the appellant's failure to submit the proffered proof of claim form (see Matter of Nationwide Mut. Ins. Co. [Mackey], 25 AD3d 905 [2006] [the insured's attorney supplied prompt written notice of the accident, made a claim for no-fault benefits, and indicated that SUM coverage was implicated. Written notice regarding a SUM claim was repeated at least twice over the ensuing six months. The insured forwarded to the insurer the police accident report as well as the pertinent medical records. The insurer did not deny receiving any of these various letters and documents from the insured. The insurer failed to show any prejudice and, under the circumstances, was not permitted to disclaim SUM coverage]).

This Court has held that where an insurance policy is conditioned upon the insured's timely completion and return of proof of claim forms, the insured's failure to do so, or to have a

reasonable excuse for the failure, is a breach of a condition precedent that vitiates coverage and justifies a permanent stay of arbitration (*see Matter of New York Cent. Mut. Fire Ins. Co. v Daley*, 273 AD2d 315 [2000]; *Matter of New York Cent. Mut. Fire Ins. Co. v Shepard*, 249 AD2d 549 [1998]).

For many years, New York has followed the rule that an insured's failure to provide timely notice of an accident relieves the carrier of its obligation to perform, regardless of whether it can demonstrate prejudice (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442-443 [1972]). This has been known as the no-prejudice rule.

Recently, there has been a shift away from the no-prejudice rule. In *Matter of Brandon (Nationwide Mut. Ins. Co.)* (97 NY2d 491 [2002]), the Court required a supplementary uninsured/ underinsured motorists (hereinafter SUM) insurer to demonstrate prejudice when seeking to disclaim coverage based upon untimely notice of legal action. The Court stated that, "Under these circumstances, and given the protection SUM insurers already enjoy by virtue of the notice of claim requirement and the clauses governing settlement, insurers relying on the late notice of legal action defense should be required to demonstrate prejudice. We place the burden of proving prejudice on the insurer because it has the relevant information about its own claims-handling procedures and because the alternative approach would saddle the policyholder with the task of proving a negative" (*id.* at 498).

Since the issuance of the order and judgment appealed from, the Court of Appeals has reaffirmed this shift away from the no-prejudice rule. In *Rekemeyer v State Farm Mut. Auto. Ins. Co.* (4 NY3d 468, 474-476 [2005]), the Court stated, "Plaintiff also urges this Court to relax its application of the no-prejudice rule in SUM cases where the carrier has been timely put on notice of the accident. This argument is persuasive. The rule in New York has been for years that an insured's failure to provide timely notice of an accident relieves the carrier of its obligation to perform regardless of whether it can demonstrate prejudice (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442-443 [1972]). This rule is known as the no-prejudice rule. Although this rule has sometimes been characterized as the 'traditional rule,' it is actually a limited exception to two established contract principles; '(1) that ordinarily one seeking to escape the obligation to perform under a contract must demonstrate a material breach or prejudice; and (2) that a contractual duty [requiring strict compliance] ordinarily will not be construed as a condition precedent absent clear language

showing that the parties intended to make it a condition' (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 581 [1992] [citations omitted]). The idea behind strict compliance with the notice provision in an insurance contract was to protect the carrier against fraud or collusion (*see id.*) . . .The facts of the current case, while different from *Brandon,* also warrant a showing of prejudice by the carrier. Here, plaintiff gave timely notice of the accident and made a claim for no-fault benefits soon thereafter. That notice was sufficient to promote the valid policy objective of curbing fraud or collusion. Moreover, the record indicates that State Farm undertook an investigation of the accident. It also required plaintiff to undergo medical exams in December 1998 and February 2000. Under these circumstances, application of a rule that contravenes general contract principles is not justified. Absent a showing of prejudice, State Farm should not be entitled to a windfall (*Brandon,* 97 NY2d at 496 n 3, citing *Clementi v Nationwide Mut. Fire Ins. Co.,* 16 P3d 223, 230 [Colo 2001]). Additionally, State Farm should bear the burden of establishing prejudice 'because it has the relevant information about its own claims-handling procedures and because the alternative approach would saddle the policyholder with the task of proving a negative' (*id.* at 498; *see also Unigard,* 79 NY2d at 584 [placing the burden of showing prejudice on the reinsurer])"

Recently, this Court followed the *Rekemeyer* decision in *Matter of State Farm Mut. Auto. Ins. Co. v Rinaldi* (27 AD3d 476 [2006]) and reversed an order granting the insurer's petition for a stay on the basis that the insurer had received timely notice of the accident and therefore was required to demonstrate prejudice. "Where, as here, 'an insured previously gives timely notice of the accident, the carrier must establish that it is prejudiced by a late notice of SUM claim before it may properly disclaim coverage' (*Rekemeyer v State Farm Mut. Auto. Ins. Co.,* 4 NY3d 468, 476 [2005]). No such showing of prejudice was made by the carrier in this case" (*Matter of State Farm Mut. Auto. Ins. Co. v Rinaldi, supra* at 476-477).

In the present case, the appellant argues that the notice of claim exception to the no-prejudice rule set forth by the Court in *Rekemeyer* should now be extended to apply to proof of claim. We agree.

Here, the facts, as in *Rekemeyer,* warrant a showing of prejudice by the insurance carrier. The petitioner did not meet this burden of showing that the appellant's failure to comply with his contractual duties was prejudicial to it. Therefore, the petitioner was bound by its contractual duty to provide cover-

age for the appellant, and the court erred in granting the petition and permanently staying the arbitration.

The appellant's remaining contentions that the petitioner failed to timely disclaim coverage and that it waived its right to rely on the subject provision are improperly raised for the first time on appeal and we decline to consider them. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.