■ In the Matter of HALYCON INSURANCE COMPANY, Appellant, v ROBERT W. Fox et al., Respondents. [843 NYS2d 165]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals (1) from an order and judgment (one paper) of the Supreme Court, Queens County (Conway, Ct Atty Ref), entered September 1, 2006, which, after a framed-issue hearing, denied the petition and, in effect, dismissed the proceeding, and (2), as limited by its brief, from so much an order of the same court (Rios, J.), dated February 21, 2007, as, upon reargument, adhered to the original determination.

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent Indemnity Insurance Co. of North America.

The sole witness at the framed-issue hearing in this case was employed as the assistant vice-president of claims by a company which handled claims on behalf of the Indemnity Insurance Co. of North America (hereinafter Indemnity). The assistant vice-president of claims described the manner in which his company stored and printed its electronic records, and gave a detailed explanation as to why the print size on the version of the notice of cancellation initially submitted to the court differed from the version of the notice of cancellation which was actually sent to the insured. The court's decision to credit the testimony of this witness, and to rely upon it to conclude that the notice of cancellation sent to the insured complied with the applicable statutory print size requirements, is supported by the record and will not be disturbed on appeal (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Furthermore, contrary to the petitioner's contention, the assistant vice-president of claims was competent to testify regarding how his company stored and retrieved electronic records, and the fact that he did not personally print the replica of the notice of cancellation which was sent to the insured went to the weight

to be accorded to the replica, not its admissibility (*see* CPLR 4518 [a]). Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.