■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v HANG LI WANG, Respondent, and NEW YORK CENTRAL

MUTUAL FIRE INS. Co. et al., Appellants. [847 NYS2d 477]—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, New York Central Mutual Fire Ins. Co. and Michael Prunella appeal from a judgment of the Supreme Court, Queens County (Rios, J.), entered October 27, 2006, which, after a hearing, granted the petition, permanently stayed arbitration, and directed New York Central Mutual Fire Ins. Co. to provide insurance coverage for the subject accident.

Ordered that the judgment is affirmed, with costs.

The determination that the automobile owned by Michael Prunella struck the vehicle operated by Hang Li Wang from the rear was dependent, in substantial measure, upon an assessment of the credibility of the witnesses, whom the Supreme Court saw and heard and therefore was in a better position to evaluate (see Matter of Aetna Life & Cas. v Gramazio, 242 AD2d 530 [1997]). We see no reason to disturb that determination (id.; see also Matter of Travelers Prop. Cas. Co. v Landau, 27 AD3d 477, 478 [2006]; Matter of Metropolitan Prop. & Cas. Co. v Sands, 5 AD3d 601 [2004]).

The appellants' remaining contentions are without merit. Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.