◼ In the Matter of FIREMEN's INSURANCE COMPANY, Respondent-Appellant, v ALYSHA CLINTON et al., Respondents, LEXINGTON INSURANCE, Proposed Additional Respondents, and PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Proposed Additional Appellant-Respondent, et al., Proposed Additional Respondents. [862 NYS2d 916]—In a proceeding to permanently stay arbitration of a claim for supplemental uninsured motorist benefits, Progressive Northeastern Insurance Company appeals from (1) a decision of the Supreme Court, Suffolk County (Blydenburgh, J.), dated April 26, 2007, and (2) an order of the same court entered April 1, 2008, which, upon the decision, made after a framed issue hearing, granted the petition, and the petitioner cross-appeals from the decision.

Ordered that the appeal and cross appeal from the decision are dismissed, without costs or disbursements, as no appeal or cross appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner, the respondents-respondents, and the proposed additional respondents-respondents appearing separately and filing separate briefs, payable by Progressive Northeastern Insurance Company.

Contrary to the contention of Progressive Northeastern Insurance Company, the claimants provided it with notice of the accident as soon as practicable (*see* Insurance Law § 3420 [a] [3]; *Allstate Ins. Co. v Marcone,* 29 AD3d 715 [2006]; *Steinberg v Hermitage Ins. Co.,* 26 AD3d 426 [2006]; *Kahn v Allstate Ins. Co.,* 17 AD3d 408 [2005]; *Jenkins v Burgos,* 99 AD2d 217 [1984]; *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]).

The parties' remaining contentions are without merit or are not properly before this Court. We reach no determination with respect to the priority of coverage provided by Progressive Northeastern Insurance Company in relation to other coverage, if any, provided by the insurance carrier or carriers for the

adverse vehicle owned by the proposed additional respondent-respondent Atlanta Toyota. Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.