■ In the Matter of the Arbitration between Liberty Mutual Insurance Company, Appellant, and Mark Frenkel, Respondent. [872 NYS2d 590]—

Kavanagh, J. Appeal from an order of the Supreme Court (Hard, J.), entered March 19, 2008 in Albany County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In October 2004, respondent was involved in an automobile accident when the vehicle he was driving was rear-ended by an automobile operated by Syed Chowdhury and owned by Mohammed Ali. Three weeks after the accident, respondent's counsel sent a letter to petitioner, respondent's insurer, notifying it that respondent had been injured in an automobile accident, had incurred medical expenses, lost wages from work and would be seeking no-fault benefits under his insurance policy. The letter also stated that "if our investigation reveals that the offending vehicle was not insured or underinsured, we are therefore reserving our rights to pursue [uninsured motorist/supplemental uninsured/underinsured motorist] benefits under [said] endorsement in the policy." More than two years later, in December 2006, respondent's counsel notified petitioner that he was in

the process of settling a lawsuit that respondent had commenced against Ali for the limits of Ali's insurance policy and that respondent, upon such settlement, intended to seek supplemental uninsured/underinsured motorist (hereinafter SUM) benefits under his policy with petitioner. On January 3, 2007, petitioner notified respondent that it was disclaiming coverage under the policy on the grounds that respondent had failed to provide it with timely notice not only of his lawsuit against Ali, but also of his claim for SUM benefits. After respondent served petitioner with a notice to compel arbitration, petitioner commenced this CPLR article 75 proceeding requesting that arbitration be permanently stayed. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner argues, and we agree, that respondent, on the facts presented, has failed to comply with the provisions of the policy that require prompt notice be given of any third-party litigation or any claim for SUM benefits* (see Matter of Allstate Ins. Co. [Earl], 284 AD2d 1002, 1003 [2001]). However, for petitioner to effectively disclaim any liability under the SUM provision of the policy, it is still obligated to establish that it has been prejudiced in some meaningful way by this delay (see Rekemeyer v State Farm Mut. Auto. Ins. Co., 4 NY3d 468, 475 [2005]; Matter of Brandon [Nationwide Mut. Ins. Co.], 97 NY2d 491, 498 [2002]; Matter of New York Cent. Mut. Ins. Co. v Davalos, 39 AD3d 654, 655 [2007]; Matter of New York Cent. Mut. Fire Ins. Co. v Ward, 38 AD3d 898, 899 [2007]; Matter of Nationwide Mut. Ins. Co. [Mackey], 25 AD3d 905, 906 [2006]). While respondent's letter did not satisfy his obligation to provide prompt notice, it did put petitioner on notice of the existence of the accident and the potential implications it held for its policy.

There is no dispute that petitioner was put on notice of the existence of the accident within three weeks of its occurrence and that respondent would be submitting a claim pursuant to the no-fault provisions of the policy. With that notice, petitioner also received the police report prepared in connection with the accident that identified the individuals involved in the accident as well as the vehicle each individual was operating. Petitioner was also notified at that time that respondent would seek SUM coverage under its policy if the tortfeasor's policy proved inade-

---

* Petitioner's SUM policy required that "[a]s soon as practicable, the insured or other person making claim shall give us written notice of claim under this SUM coverage." Additionally, the SUM endorsement provided that "if the insured . . . brings any lawsuit against any person or organization legally responsible for the use of a motor vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with the lawsuit shall be forwarded immediately" to petitioner.

quate to fully compensate him for the injuries that he sustained in the accident. Under the circumstances, petitioner had ample information at its disposal shortly after the accident occurred to properly investigate this claim and ensure that its interests under the policy were fully protected. Equally important, petitioner has failed to demonstrate that respondent's delay in notifying it of the third-party action or the SUM claim in any way compromised its ability to investigate the circumstances surrounding the accident or to protect its interests under this policy (*see Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d at 475; *Matter of Nationwide Mut. Ins. Co. [Mackey]*, 25 AD3d at 907). As such, its application to stay arbitration was properly denied.

Peters, J.P., Rose and Kane, JJ., concur; Spain, J., not taking part. Ordered that the order is affirmed, with costs.