■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v ANN VENTO, Respondent. [882 NYS2d 126]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated September 13, 2007, which, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and, in effect, directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

The respondent Ann Vento (hereinafter the insured) sought to compel arbitration of her insurance claim after she allegedly was struck by an unidentified vehicle while crossing a street at a crosswalk on October 14, 2006. The petitioner New York Central Mutual Fire Insurance Company (hereinafter the insurer) petitioned the Supreme Court to permanently stay arbitration on the ground that the insured failed to comply with the notice provisions of the subject insurance policy and failed to demonstrate that her injuries were caused by physical contact with the hit-and-run vehicle.

The first notice provision in the supplemental uninsured/underinsured motorist endorsement (hereinafter the SUM endorsement) required that "the insured or someone on the insured's behalf . . . shall have filed with the [insurer] a statement under oath." The second notice provision of the SUM endorsement required both a "notice of claim" and a "proof of claim." Written notice of claim was required "[a]s soon as practicable." However, written proof of claim was required, upon forms furnished by the petitioner, "[a]s soon as practicable after [the petitioner's] written request."

"In general, the insured's failure to comply with the requirement in an insurance policy that it give notice as soon as practicable of an incident that may result in a claim constitutes a failure to satisfy a condition precedent which vitiates the policy" (*St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030,

1031 [2007]). "Where, as here, an insured is required to provide [written] notice of a claim as soon as practicable, such notice must be given within a reasonable time under all of the circumstances" (*Matter of State Farm Mut. Auto. Ins. Co. v Bombace,* 5 AD3d 782, 782 [2004]; *see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441 [1972]; *Matter of State Farm Mut. Auto. Ins. Co. v Adams,* 259 AD2d 551, 551-552 [1999]). The respondent submitted a form entitled "Notice of Intention to Make Claim" subscribed and sworn to on December 27, 2006.

The insurer's own submissions in support of its petition demonstrated that the insured provided it with notice of the accident as soon as practicable (*see Matter of Firemen's Ins. Co. v Clinton,* 54 AD3d 759 [2008]). To the extent that the insurer demonstrated a delay in receiving the "Notice of Intention to Make Claim" form after it sent a written request for proof of claim, the insurer failed to demonstrate that it was prejudiced by any such delay (*see Rekemeyer v State Farm Mut. Auto. Ins. Co.,* 4 NY3d 468, 476 [2005]; *Matter of New York Cent. Mut. Fire Ins. Co. v Ward,* 38 AD3d 898, 901 [2007]; *Matter of Nationwide Mut. Ins. Co. [Mackey],* 25 AD3d 905, 906-907 [2006]).

Furthermore, the sworn, signed, and notarized "Notice of Intention to Make Claim" form received by the insurer satisfied the first notice provision of the subject policy which required that the insured file a "statement under oath" that indicated that the insured had a cause of action arising out of an accident against a person whose identity was unascertainable (*cf. Matter of Allstate Ins. Co. v Estate of Aziz,* 17 AD3d 460, 461 [2005]; *Matter of Eveready Ins. Co. v Ruiz,* 208 AD2d 923 [1994]), and the insurer failed to demonstrate that it was prejudiced thereby (*accord Rekemeyer v State Farm Mut. Auto. Ins. Co.,* 4 NY3d at 476; *Matter of New York Cent. Mut. Fire Ins. Co. v Ward,* 38 AD3d at 901; *Matter of Nationwide Mut. Ins. Co. [Mackey],* 25 AD3d at 906-907).

With respect to the insurer's contention that the insured failed to demonstrate physical contact, we note that "[p]hysical contact is a condition precedent to an arbitration based upon a hit-and-run accident involving an unidentified vehicle" (*Matter of Great N. Ins. Co. v Ballinger,* 303 AD2d 503, 504 [2003]; *see* Insurance Law § 5217; *Matter of State Farm Mut. Auto. Ins. Co. v Johnson,* 287 AD2d 640, 640-641 [2001]; *Matter of Aetna Life & Cas. v Gramazio,* 242 AD2d 530 [1997]). When there is an issue of fact as to whether physical contact occurred, a hearing on the issue must be conducted (*see State Farm Mut. Auto. Ins. Co.*

*v Johnson,* 287 AD2d at 640-641; *Matter of Aetna Life & Cas. v Gramazio,* 242 AD2d at 530).

Where, as here, a case is tried without a jury, this Court's power to review the evidence is as broad as that of the trial court, "taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 133-134 [1930]). In this case, the Supreme Court's determination that the insured had been struck by an unidentified vehicle is supported by the record and will not be disturbed on appeal (*see Matter of Halycon Ins. Co. v Fox,* 44 AD3d 662 [2007]). The insured's testimony, credited by the court, demonstrated that she had come into physical contact with the hit-and-run vehicle (*see Matter of Nova Cas. Co. v Musco,* 48 AD3d 572, 573 [2008]; *Matter of Allstate Ins. Co. v McMahon,* 251 AD2d 571, 572 [1998]; *Matter of Aetna Life & Cas. v Gramazio,* 242 AD2d at 530).

The insurer's remaining contentions are without merit. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.