Matter of Allstate Ins. Co. v Jae Chel Kim (2020 NY Slip Op 07563)





Matter of Allstate Ins. Co. v Jae Chel Kim


2020 NY Slip Op 07563


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-06226
 (Index No. 85089/18)

[*1]In the Matter of Allstate Insurance Company, respondent, 
v
Jae Chel Kim, appellant.


Andrew Park, P.C., New York, NY (Jusun Yook of counsel), for appellant.
Votto & Albee, PLLC, Staten Island, NY (Christopher J. Albee of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Jae Chel Kim appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated March 21, 2019. The order granted the petition and permanently stayed arbitration.
ORDERED that the order is affirmed, with costs.
On March 26, 2018, Jae Chel Kim (hereinafter the insured) served a demand to arbitrate an uninsured motorist claim on his insurance company, Allstate Insurance Company (hereinafter Allstate), based on a hit-and-run accident he was involved in on April 6, 2017. In a letter dated April 9, 2018, Allstate notified the insured that it would not honor the claim because "[t]he first notice we received in regards to injury on this case was 11.5 months after [the date of loss]. There was also no police report filed in this case."
Thereafter, Allstate commenced this proceeding to permanently stay arbitration, based on the insured's failure to provide notice of the uninsured motorist claim as soon as practicable. In opposition to the petition, the insured established that he gave Allstate notice of the accident on the same day that it occurred, in connection with his claim for property damages. The Supreme Court granted Allstate's petition and permanently stayed arbitration, and the insured appeals.
The insured failed to give Allstate timely notice of his claim for uninsured motorist benefits. However, since the insured gave Allstate timely notice of the accident, Allstate was required to establish that it was prejudiced by the late notice in order to be entitled to disclaim coverage (see Rekemeyer v State Farm Mut. Auto. Ins. Co., 4 NY3d 468, 476). Allstate established that it was prejudiced since, although the insured promptly notified it of the occurrence of the accident and his claim for property damage, it had no notice of, or opportunity to investigate, his claim that he was injured in the accident, until almost one year after the accident occurred (cf. Matter of New York Cent. Mut. Fire Ins. Co. v Ward, 38 AD3d 898).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court