■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELIJAH WATSON, Appellant.— Judgment unanimously reversed on the law and facts and indictment dismissed. Memorandum: Defendant was indicted for first degree rape and second degree assault. At the conclusion of the People's case the court dismissed the count for rape on the ground of lack of corroboration, but denied the motion to dismiss the indictment for assault, and defendant duly excepted. There was no corroboration of the claimant's testimony of the rape, and there was not even evidence of a simple assault preceding the alleged rape. It was error, therefore, to deny defendant's motion for dismissal of the assault charge (*People* v. *Young & Goree*, 22 N Y 2d 785; *People* v. *Radunovic*, 21 N Y 2d 186; *People* v. *English*, 16 N Y 2d 719). (Appeal from judgment of Erie County Court, convicting defendant of assault, second degree.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.

■ In the Matter of TRAVELERS INSURANCE COMPANY, Appellant, v. RICKI A. LOMBARDO et al., Respondents.— Order unanimously reversed, without costs and motion for stay of arbitration granted pending trial, and matter remitted for trial of the issue of the existence of a "hit and run" vehicle. Memorandum: When insured persons duly demand arbitration of their claims the insurer can obtain a stay of the demand only upon tendering an issue which the court must determine prior to arbitration. Although such an issue cannot be presented by mere conclusory allegations by the insurer (*Matter of Fuscaldo* [*MVAIC*], 24 A D 2d 744), the allegations in support of petitioner-appellant's motion to stay arbitration in this case are factual, denying the existence of a "hit and run" vehicle in the accident in which the insureds were injured, and they are not insufficient as conclusory. Respondents, as insured persons, have the burden to prove that the accident was caused by a "hit and run" vehicle (*McCarthy* v. *MVAIC*, 16 A D 2d 35, 39), and so this matter must be remitted for trial of such issue (*Matter of Rosenbaum* [*Amer. Sur., N. Y.*], 11 N Y 2d 310). (Appeal from order of Erie Special Term, denying motion for a stay of arbitration.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.