■ In the Matter of AMERICAN SECURITY INSURANCE COMPANY, Respondent, v ANTHONY CALARCO et al., Appellants, and LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent. — In a proceeding to stay arbitration of an uninsured motorist claim, Anthony and Kathleen Calarco appeal (1) from a judgment of the Supreme Court, Queens County (Lakritz, J.), dated February 10, 1981, which, after a hearing, *inter alia,* granted petitioner's application for a stay of arbitration, and (2) from an order of the same court, dated February 24, 1981, which denied their motion for a new trial, or, in the alternative, to modify the previous decision of the court. Judgment reversed, and a new hearing is granted, with costs to abide the event. Appeal from the order dismissed as academic. By order of Special Term (Leviss, J.), dated November 14, 1980, arbitration in this matter was stayed pending determination, after a hearing, of whether the accident involved a hit and run motorist. At such a hearing the claimant has the burden of proof to establish that the loss sustained was caused by an uninsured vehicle; namely, that there occurred physical contact, that the identity of the owner and operator of the offending vehicle could not be ascertained, and that claimant's efforts to ascertain such identity were reasonable (see *Matter of Travelers Ins. Co. v Lombardo,* 30 AD2d 1047; see, also, Comment, PJI 4:65; Ann., 26 ALR3d 883, which discusses generally "hit and run" situations). At the commencement of the within hearing, petitioner correctly advised the court that appellants had the burden of proof on the issue of a hit and run occurrence and the court agreed. Counsel for the appellants thereafter requested a continuance in order to be allowed to produce certified

copies of records of the Department of Motor Vehicles and a copy of the police report, and to subpoena a police officer who had been in attendance on a day previous to the commencement of the hearing, as a witness for the petitioner. On the facts of this case, the court abused its discretion in not permitting the continuance requested by the appellants in order that they be allowed to produce documentary proof and to subpoena a necessary witness. Accordingly, a new hearing is required. Damiani, J. P., Gulotta, Margett and Bracken, JJ., concur.