■ In the Matter of BOSTON OLD COLONY INSURANCE COMPANY, Appellant, v STEVEN SACHS, Respondent.—In a proceeding, *inter alia,* pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Graci, J.), dated July 14, 1986, as denied its application to stay arbitration.

Ordered that the order and judgment is reversed, and the matter is remitted for a new hearing on the petitioner's application to stay arbitration, with costs to abide the event.

Under the circumstances of this case, including the potentially meritorious nature of the application to stay arbitration, the ambiguity existing in the January 15, 1986 order (Graci, J.), which set the matter down for a hearing and temporarily stayed arbitration, without specifically listing the timeliness of the application to stay arbitration as an issue, and the limited development of the questions surrounding this claim, it was an abuse of discretion to resolve the question of the timeliness of the application to stay arbitration without allowing the petitioner an opportunity to produce the actual insurance policy in issue *(see, Matter of American Sec. Ins. Co. v Calarco,* 85 AD2d 693). Mollen, P. J., Brown, Weinstein, Eiber and Harwood, JJ., concur.