■ In the Matter of the Arbitration between ALLCITY INSURANCE Co., Respondent, and ANTHONY W. RUSSO, Appellant. [605 NYS2d 41] —Order and judgment (one paper), Supreme Court, New York County (Peter Tom, J.), entered on or about September 22, 1992, which, after a hearing, granted petitioner's application to stay arbitration of respondent's uninsured motorist claim, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in allowing petitioner to amend its petition for a stay of arbitration so as to withdraw the claim that respondent had not complied with certain notice provisions of the policy and to substitute therefor the completely new claim that no hit and run accident had occurred. Although CPLR 7503 (c) provides that a party served with a demand for arbitration must seek a stay within 20 days thereafter or be precluded from doing so, it does not prohibit amendment of a timely petition (cf., Matter of Aetna Cas. & Sur. Co. [Mari], 102 AD2d 772). Leave by the court to amend pleadings is freely given, absent prejudice or surprise, upon such terms as may be just, and the decision to allow an amendment is committed to the sound discretion of the trial court (CPLR 3025 [b]; see, Edenwald Contr. Co. v City of New York, 60 NY2d 957). Here, the demand for arbitration was served almost immediately after the written claim for benefits, requiring petitioner to respond swiftly, before it could have been aware of the hospital records tending to disprove a hit and run, lest it forfeit its right to seek a stay, and there was certainly no undue delay in seeking the amendment. There was also little, if any, prejudice, since respondent would have had to prove the hit and run in the arbitration. Respondent's argument that petitioner is in any event precluded from disclaiming liability on the ground that there was no hit and run because it did not raise that issue in its letter of disclaimer is also without merit (see, Matter of Aetna Cas. & Sur. Co. v Smith, 100 AD2d 751). Finally, the evidence adduced at the hearing amply supports the court's finding that no hit and run occurred. Concur—Murphy, P. J., Sullivan, Ross and Asch, JJ.