■ In the Matter of BOSTON OLD COLONY INSURANCE CO., Respondent, v STEVEN SACHS, Appellant. [607 NYS2d 511] —Order and judgment unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The Appellate Division, Second Department, reversed the order of Supreme Court that denied the application of petitioner Boston Old Colony Insurance Co. to stay arbitration under the provisions of an uninsured motorist endorsement of an automobile liability insurance policy. In reversing, it remitted the matter to Supreme Court, stating that it was an abuse of discretion to deny the application to stay arbitration on the ground of the untimeliness of the application, "without allowing the petitioner an opportunity to produce the actual insurance policy in issue" *(Matter of Boston Old Colony Ins. Co. v Sachs,* 131 AD2d 569).

On remittal Supreme Court reviewed the policy and determined that petitioner had not issued the policy, and that the policy was issued by Continental Insurance Company. For that reason, the court granted petitioner's application for a stay of arbitration.

Supreme Court should not have stayed arbitration on the ground that petitioner had not issued the policy of insurance to respondent. Originally, petitioner had issued a policy of automobile liability insurance to respondent but when it came time to renew the policy, without solicitation on the part of respondent, a policy was sent to respondent naming Continental Insurance Company as the insurer. In the petition on this application for a stay of arbitration, petitioner alleged that it is a "part" of Continental Insurance Company. It did not allege that it did not provide an insurance policy to respondent. To the contrary, it alleged that arbitration should be stayed because respondent had failed to provide timely notice of the accident in accordance with the terms of the policy and therefore respondent was not "entitled to coverage under the uninsured motorist portion of the policy issued by Boston Old

Colony Insurance Company." Thus, when Supreme Court granted the application to stay arbitration on the ground that petitioner had issued no policy of insurance to respondent, it not only decided an issue that was not raised by the pleadings in the proceeding, but it decided that issue contrary to the allegations of the petition.

We reverse, therefore, and remit the matter to Supreme Court for a determination of the issues raised by the parties—the timeliness of the application to stay arbitration and whether respondent complied with the requirement of the policy of insurance concerning notice of the accident. (Appeal from Order and Judgment of Supreme Court, Queens County, Graci, J.—Stay Arbitration.) Present—Green, J. P., Balio, Fallon and Boehm, JJ.