■ In the Matter of Newark Insurance Company, Respondent, v Jacqueline Caruso, Appellant. [787 NYS2d 892]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the appeal is

from an order of the Supreme Court, Westchester County (Coppola, J.H.O.), dated August 29, 2003, which, after a framed issue hearing, granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Physical contact is a condition precedent to recovery on an uninsured motorist claim (*see* Insurance Law § 5217; *Matter of Utica Mut. Ins. Co. v Leconte*, 3 AD3d 534 [2004]; *Matter of Eveready Ins. Co. v Scott*, 1 AD3d 436 [2003]; *Matter of Great N. Ins. Co. v Ballinger*, 303 AD2d 503 [2003]). The insured has the burden of establishing that the loss sustained was caused by an uninsured vehicle; namely, that physical contact occurred, that the identity of the owner and operator of the offending vehicle could not be ascertained, and that the insured's efforts to ascertain such identity were reasonable (*see Matter of American Sec. Ins. Co. v Calarco*, 85 AD2d 693 [1981]; *Matter of Travelers Ins. Co. v Lombardo*, 30 AD2d 1047 [1968]). In this case, only the issue of physical contact is disputed.

Contrary to the Supreme Court's conclusion, the uncontroverted evidence adduced at the hearing established that the appellant's accident was caused by physical contact with a hit-and-run automobile. As the court's determination to the contrary was not supported by a fair interpretation of the credible evidence, its order granting the insurer's petition for a stay of arbitration must be reversed (*see Matter of Motor Veh. Acc. Indem. Corp. [Landau]*, 20 AD2d 699 [1964]; *see also Greenhill v Stillwell*, 306 AD2d 434 [2003]; *Coverdale v Zucker*, 261 AD2d 429 [1999]; *cf. Matter of Allstate Ins. Co. v McMahon*, 251 AD2d 571 [1998]; *Matter of Aetna Life & Cas. v Gramazio*, 242 AD2d 530 [1997]). S. Miller, J.P., Ritter, Goldstein and Mastro, JJ., concur.