■ In the Matter of Nova Casualty Company, Appellant, v Tyrone Musco et al., Respondents. [852 NYS2d 229]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, the petitioner, Nova Casualty Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated June 6, 2007, as, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and, in effect, directed the parties to proceed to arbitration.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner Nova Casualty Company (hereinafter Nova) commenced this proceeding, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits on the ground that there was no physical contact between its insured (the respondent Tyrone Musco) and an alleged hit-and-run vehicle (a van). After a framed-issue hearing as to physical contact, the Supreme Court denied the stay and, in effect, directed the parties to proceed to arbitration. We affirm.

Physical contact is a condition precedent to recovery on an uninsured motorist claim (see Insurance Law § 5217; *Matter of Newark Ins. Co. v Caruso,* 14 AD3d 613, 614 [2005]). The insured has the burden of establishing that the loss sustained was caused by an uninsured vehicle, namely, that physical contact occurred, that the identity of the owner and operator of the offending vehicle could not be ascertained, and that the insured's efforts to ascertain such identity were reasonable (see *Matter of Newark Ins. Co. v Caruso,* 14 AD3d at 614). Here, Musco met his burden of proof as to physical contact with his testimony, credited by the court, that he lost control of his motorcycle after he swerved to avoid, and was struck in the left leg by, a van that entered his lane of travel in violation of his right of way, which then fled the scene. The record supports the court's determination (see *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.