■ In the Matter of TRAVELERS INDEMNITY COMPANY, Respondent, v BRALCORD PANTHER, Appellant, et al., Additional Respondents. [878 NYS2d 174]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Bralcord Panther appeals from an order of the Supreme Court, Queens County (Rios, J.), dated March 25, 2008, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

On July 4, 1996, the appellant, Bralcord Panther, was involved in a motor vehicle accident with a vehicle owned and operated by Elvis Marshall. At that time, Panther's vehicle was insured under a policy of insurance issued by the petitioner, Travelers Indemnity Company (hereinafter Travelers), and Marshall's vehicle was insured under a policy of insurance issued by Eagle Insurance Company (hereinafter Eagle). In or around July 2006, Eagle was declared insolvent. In May 2007, nearly 11 years after the accident, Panther made a demand upon Travelers for arbitration of his claim for uninsured motorist benefits on the ground that Eagle was insolvent. Travelers commenced this proceeding to permanently stay arbitration. The Supreme Court temporarily stayed arbitration pending a framed-issue hearing on the issues of whether the accident involved physical contact with an uninsured vehicle, whether Panther preserved Travelers' subrogation rights, and whether Panther's demand for arbitration was timely and proper. In an order dated March 25, 2008, the Supreme Court granted the petition and permanently stayed arbitration on the ground that Panther had failed to establish that there was physical contact between his vehicle and an uninsured vehicle. We reverse.

"[P]hysical contact is a condition precedent to an arbitration based upon a hit-and-run accident involving an unidentified vehicle" (*Matter of Great N. Ins. Co. v Ballinger,* 303 AD2d 503, 504 [2003]; *see* Insurance Law § 5217; *Matter of Eveready Ins. Co. v Scott,* 1 AD3d 436, 437 [2003]; *Matter of State Farm Mut. Auto. Ins. Co. v Johnson,* 287 AD2d 640, 641 [2001]). Where an accident involves an identifiable driver, as here, "the issue of whether there was actual physical contact is irrelevant" (*Matter of Metropolitan Prop. & Liab. Co. v Pisanelli,* 151 AD2d 761, 763 [1989]). Here, the sole basis for the demand for uninsured motorist arbitration was the insolvency of Eagle.

Since the Supreme Court erred in granting the petition on the ground of Panther's failure to establish physical contact, we remit the matter for a framed-issue hearing as to whether the demand for uninsured motorist arbitration was timely (*see Mat-*

*ter of State Farm Mut. Auto. Ins. Co. v Tubis,* 38 AD3d 670, 672 [2007]; *Matter of Allstate Ins. Co. v Morrison,* 267 AD2d 381 [1999]; *Matter of Allstate Ins. Co. v Torrales,* 186 AD2d 647, 648 [1992]) and whether Panther failed to preserve Travelers' subrogation rights *(see generally Friedman v Allstate Ins. Co.,* 268 AD2d 558 [2000]).

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.