■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v TAE HONG JI et al., Appellants. [917 NYS2d 576]—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Tae Hong Ji and Yun Hee Ji appeal from (1) a decision of the Supreme Court, Queens County (Rios, J.), entered February 5, 2010, and (2) a judgment of the same court entered February 5, 2010, which, upon the decision, made after a framed-issue hearing, granted the petition and permanently stayed arbitration.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

Where, as here, a case is determined after a hearing held before a justice, this Court's power to review the evidence is as broad as that of the hearing court, taking into account in a close case the fact that the hearing judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of Progressive Northeastern Ins. Co. v Harding*, 63 AD3d 947 [2009]; *Matter of New York Cent. Mut. Fire Ins. Co. v Vento*, 63 AD3d 841, 844 [2009]; *Matter of Government Empls. Ins. Co. v Steinmetz*, 51 AD3d 1022 [2008]). We decline to disturb the Supreme Court's finding that there was no physical contact between the appellants' vehicle and an alleged hit-and-run vehicle (*see Matter of Government Empls. Ins. Co. v Steinmetz*, 51 AD3d at 1022).

Accordingly, the Supreme Court correctly granted the petition to permanently stay arbitration. Dillon, J.P., Covello, Florio and Hall, JJ., concur.