■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v JUSTYNA VELLA et al., Appellants. [919 NYS2d 530]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Justyna Vella and Hanna Kulpanowska appeal from a judgment of the Supreme Court, Queens County (Rios, J.), dated December 10, 2009, which, after a hearing, granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner, Liberty Mutual Insurance Company (hereinafter Liberty Mutual), commenced this proceeding to permanently stay arbitration of a claim for uninsured motorist benefits on the ground that there was no physical contact between the vehi-

cle of its insured, Hanna Kulpanowska (hereinafter the insured), and an alleged hit-and-run vehicle. On December 26, 2006, Justyna Vella, the insured's daughter, was driving the insured's vehicle on the westbound Grand Central Parkway in Queens. She allegedly was injured when she collided with the rear of a truck which was stopped in her lane of travel. According to Vella's testimony at a hearing, her vehicle collided with the truck because an unidentified vehicle, which fled the scene, struck the rear of her vehicle, causing it to lurch forward. After a framed-issue hearing as to physical contact, the Supreme Court granted Liberty Mutual's petition and permanently stayed arbitration.

Physical contact is a condition precedent to an arbitration based upon a hit-and-run accident involving an unidentified vehicle (*see* Insurance Law § 5217; *Matter of New York Cent. Mut. Fire Ins. Co. v Vento*, 63 AD3d 841, 843 [2009]; *Matter of Travelers Indem. Co. v Panther*, 61 AD3d 984, 985 [2009]; *Matter of Eveready Ins. Co. v Scott*, 1 AD3d 436, 437 [2003]). "The insured has the burden of establishing that the loss sustained was caused by an uninsured vehicle, namely, that physical contact occurred, that the identity of the owner and operator of the offending vehicle could not be ascertained, and that the insured's efforts to ascertain such identity were reasonable" (*Matter of Nova Cas. Co. v Musco*, 48 AD3d 572, 573 [2008]; *see Matter of Newark Ins. Co. v Caruso*, 14 AD3d 613, 614 [2005]).

Where, as here, a case was tried before a judge without a jury, this Court's power to review the evidence is as broad as that of the trial court, "taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses'" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]).

Contrary to the Supreme Court's conclusion, the uncontroverted evidence adduced at a hearing, which consisted of Vella's testimony, two postaccident photographs of her vehicle, and a Department of Motor Vehicles report signed by Vella stating, inter alia, that her vehicle was struck from the rear, established that the subject accident was caused by physical contact with a hit-and-run vehicle. Thus, the Supreme Court's determination that there was no physical contact was not supported by the record (*see Matter of Newark Ins. Co. v Caruso*, 14 AD3d at 614; *cf. Matter of Nova Cas. Co. v Musco*, 48 AD3d at 573).

Accordingly, the Supreme Court should have denied the petition to permanently stay arbitration and dismissed the proceeding. Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.