In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v JUAN R. ALBINO, Appellant. [937 NYS2d 294]—

The appellant sought uninsured motorist benefits under a policy of insurance issued by the petitioner for physical injuries he alleged were sustained in a hit-and-run accident. The petitioner commenced this proceeding to permanently stay the arbitration.

Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in, in effect, granting the petitioner leave to amend the petition to include, inter alia, a

claim that no hit-and-run accident had occurred. While CPLR 7503 (c) provides that a party served with a demand for arbitration must seek a stay within 20 days thereafter or be precluded from doing so, it does not prohibit amendment of a timely petition (see Matter of Allcity Ins. Co. [Russo], 199 AD2d 88 [1993]). Here, the petitioner sought a stay of arbitration within 20 days of being served with a demand for arbitration, and the proposed amendment did not result in any prejudice or surprise to the appellant (see CPLR 3025 [b]; Matter of Allcity Ins. Co. [Russo], 199 AD2d at 88).

Where, as here, a case is determined after a hearing held before a justice, this Court's power to review the evidence is as broad as that of the hearing court, taking into account in a close case the fact that the hearing judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Matter of Allstate Ins. Co. v Tae Hong Ji, 81 AD3d 940 [2011]). We decline to disturb the Supreme Court's determination, made after a framed-issue hearing, that there was no physical contact between the appellant's vehicle and an alleged hit-and-run vehicle (see Matter of Allstate Ins. Co. v Tae Hong Ji, 81 AD3d at 940; Matter of Government Empls. Ins. Co. v Steinmetz, 51 AD3d 1022 [2008]).

The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court correctly granted the amended petition to permanently stay arbitration. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.