■ In the Matter of PROGRESSIVE SPECIALTY INSURANCE COMPANY, Appellant, v RONI LUBECK, Respondent. [976 NYS2d 153]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rios, J.), dated March 2, 2012, which, upon a decision of the same court dated December 19, 2011, made after a hearing, denied the petition.

Ordered that the judgment is reversed, on the facts, with costs, and the petition to permanently stay arbitration is granted.

The respondent, Roni Lubeck, had an automobile insurance policy (hereinafter the subject policy), issued by the petitioner, Progressive Specialty Insurance Company (hereinafter Progressive), that included a supplementary uninsured/underinsured motorist (hereinafter SUM) endorsement providing coverage for, inter alia, "bodily injury" caused by "physical contact" with a hit-and-run vehicle (see Insurance Law § 5217). On October 18, 2010, Lubeck notified Progressive of an alleged accident involving a hit-and-run vehicle that had occurred on August 24, 2010. On October 29, 2010, Lubeck sent Progressive a notice of intent to arbitrate.

Progressive disclaimed coverage, and commenced this proceeding to permanently stay arbitration on the grounds, among others, that (1) there was no physical contact with the hit-and-run vehicle, and (2) the accident had not been reported to a peace officer within 24 hours as required by the subject policy and 11 NYCRR 60-2.3 (f). After a hearing, the Supreme Court denied the petition, finding that Lubeck met his burden of establishing physical contact with a hit-and-run vehicle, and that Lubeck had complied with the requirements of the subject policy and 11 NYCRR 60-2.3 (f) in that he timely reported the accident to a peace officer. Progressive appeals.

Physical contact is a condition precedent to an arbitration based upon a hit-and-run accident involving an unidentified vehicle (see Insurance Law § 5217; Matter of Liberty Mut. Ins. Co. v Vella, 83 AD3d 716, 717 [2011]; Matter of New York Cent. Mut. Fire Ins. Co. v Vento, 63 AD3d 841, 843 [2009]; Matter of Travelers Indem. Co. v Panther, 61 AD3d 984, 985 [2009]). "The insured has the burden of establishing that the loss sustained was caused by an uninsured vehicle, namely, that physical contact occurred, that the identity of the owner and operator of the offending vehicle could not be ascertained, and that the

insured's efforts to ascertain such identity were reasonable" (*Matter of Nova Cas. Co. v Musco*, 48 AD3d 572, 573 [2008]; *see Matter of Liberty Mut. Ins. Co. v Vella*, 83 AD3d at 717; *Matter of Newark Ins. Co. v Caruso*, 14 AD3d 613, 614 [2005]).

In reviewing a determination made after a hearing, the power of this Court is as broad as that of the hearing court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the hearing court had the advantage of seeing the witnesses and hearing the testimony (*see Baba-Ali v State of New York*, 19 NY3d 627, 640 [2012]; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of Liberty Mut. Ins. Co. v Vella*, 83 AD3d at 717; *Matter of New York Cent. Mut. Fire Ins. Co. v Vento*, 63 AD3d at 844).

Here, the Supreme Court's determination that Lubeck had met his burden of demonstrating that the alleged loss was caused by physical contact with an unidentified vehicle was not warranted by the facts. Lubeck testified that the accident occurred while he was riding a bicycle through a parking lot, when a car pulled out from a parking space in front of him. Lubeck stated that he engaged the brakes of his bicycle, and was thrown over the handlebars of the bike, landing on the hood of the car. Lubeck further stated that although the unidentified driver of the car saw Lubeck land on the hood, he merely got out of his vehicle, checked the front of his car, and then drove away. Lubeck claimed that he was leaning on the car after the alleged accident and remembered "just sliding away" as the car drove off. Lubeck did not get the car's license plate number or any information about the driver, and did not contact the police to report the alleged accident. He went home, then got a ride to a local hospital. He testified that in the hospital's emergency room he told a passing member of the Emergency Medical Services of the New York City Fire Department about the accident.

Lubeck's account of the accident at the hearing was contradicted by statements he gave at the hospital, in which he recounted that he flew off of his bicycle and landed on a parked vehicle (*cf. Matter of Federal Ins. Co. v Luhmann*, 229 AD2d 438 [1996]). Furthermore, Lubeck failed to adequately account for his behavior in the wake of the incident, which was inconsistent with his claim that his arm had been seriously injured by a hit-and-run vehicle that left the scene of the accident. Lubeck's failure to take rudimentary steps to ascertain the identity of the driver of the car, to ask him to stay at the accident site, to contact the police, or to otherwise make any report of the occurrence from the scene of the accident is behavior more consistent

with the account of the accident he gave at the hospital. Under the circumstances of this case, including the evidence contradicting Lubeck's account of the accident, the weight of the credible evidence does not support the Supreme Court's conclusion that Lubeck sustained his burden of demonstrating that the alleged loss was caused by physical contact with an unidentified vehicle (cf. Matter of Newark Ins. Co. v Caruso, 14 AD3d at 614).

In light of the foregoing we need not reach the petitioner's remaining contentions, including whether the conversation with the member of the Emergency Medical Services of the New York City Fire Department constituted a timely report of the accident to a peace officer (compare Canty v Motor Veh. Acc. Indem. Corp., 95 AD2d 509 [1983]). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.