■ In the Matter of PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, Respondent, v TROY SCOTT, Appellant. [999 NYS2d 442]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Troy Scott appeals from an order of the Supreme Court, Kings County (Archer, Ct. Atty. Ref.), dated January 30, 2013, which, after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The appellant sought uninsured motorist benefits under a policy of insurance issued by the petitioner for physical injuries allegedly sustained by him in a hit-and-run accident. The petitioner commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of the claim.

Physical contact is a condition precedent to an arbitration based upon a hit-and-run accident involving an unidentified vehicle (*see* Insurance Law § 5217; *Matter of Allstate Ins. Co. v Killakey*, 78 NY2d 325, 328 [1991]; *Motor Veh. Acc. Indem. Corp. v Eisenberg*, 18 NY2d 1, 3 [1966]; *Matter of Progressive Specialty Ins. Co. v Lubeck*, 111 AD3d 947, 947 [2013]; *Matter of Nova Cas. Co. v Musco*, 48 AD3d 572, 573 [2008]). "The insured has the burden of establishing that the loss sustained was caused by an uninsured vehicle, namely, that physical contact occurred, that the identity of the owner and operator of the offending vehicle could not be ascertained, and that the insured's efforts to ascertain such identity were reasonable" (*Matter of Nova Cas. Co. v Musco*, 48 AD3d at 573).

Where, as here, a matter is determined after a hearing, this Court's power to review the evidence is as broad as that of the hearing court, taking into account in a close case the fact that the hearing court had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of Progressive Specialty Ins. Co. v Lubeck*, 111 AD3d at 948; *Matter of Allstate Ins. Co. v Tae Hong Ji*, 81 AD3d 940, 940 [2011]). We decline to disturb the Supreme Court's determination, made after a hearing, that there was no physical contact between the appellant's motorcycle and an alleged hit-and-run vehicle (*see Matter of Government Empls. Ins. Co. v Tuzzo*, 94 AD3d 996, 997 [2012]; *Matter of Government Empls. Ins. Co. v Albino*, 91 AD3d 870, 871 [2012]; *Matter of Allstate Ins. Co. v Tae Hong Ji*, 81 AD3d at 940).

The appellant's remaining contentions are unpreserved for appellate review.

Accordingly, the Supreme Court properly granted the petition and permanently stayed arbitration. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.