Matter of Hereford Ins. Co. v Vazquez (2018 NY Slip Op 00909)





Matter of Hereford Ins. Co. v Vazquez


2018 NY Slip Op 00909


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


5658N

[*1] In re Hereford Insurance Company, Petitioner-Respondent,
v
Virgen Vazquez, Respondent, New Rochelle Hyundai, et al., Proposed Additional Respondents, State Farm Insurance Company, Proposed Additional Respondent-Appellant.


Rubin, Fiorella & Friedman LLP, New York (Joseph R. Federici, Jr. of counsel), for appellant.
Shayne, Dachs, Sauer & Dachs, LLP, Mineola (Jonathan A. Dachs of counsel), for Hereford Insurance Company, respondent.



Order, Supreme Court, Bronx County (Lizbeth González, J.), entered January 18, 2017, which, to the extent appealed from as limited by the briefs, granted petitioner Hereford Insurance Company's application to stay arbitration pending a framed issue hearing on coverage and to add State Farm Insurance Company as an additional respondent, unanimously affirmed, without costs.
Petitioner Hereford insured a vehicle that was hit in the rear by a Mercedes Benz that left the scene of the accident. After respondent Virgen Vazquez, a passenger in the Hereford vehicle, demanded uninsured motorist arbitration, Hereford commenced this proceeding seeking to stay the arbitration and add additional respondents, including State Farm and Kelly Lyons. Hereford alleged that, at the time of the accident, the Mercedes was owned by Lyons or others, and that State Farm had issued insurance policy number 596798N11 insuring the Mercedes. In opposition, State Farm neither admitted nor denied the allegations relating to coverage. In reply, Hereford submitted documents demonstrating that the Mercedes had been sold to Lyons three days before the accident, and insured by State Farm under the same policy number previously identified, effective the same date.
Absent any surprise or prejudice to State Farm, which was aware that Hereford alleged that it had insured the Mercedes under a specified policy and which did not seek to submit a surreply, the motion court providently exercised its discretion in considering the documents submitted by Hereford in reply (see Matter of Kennelly v Mobius Realty Holdings, LLC, 33 AD3d 380, 381-382 [1st Dept 2006]; Kelsol Diamond Co. v Stuart Lerner, Inc., 286 AD2d 586, 587 [1st Dept 2001]; Jones v Geoghan, 61 AD3d 638, 640 [2d Dept 2009]). Notably, Hereford could have sought leave to amend the petition based on the same documents, leading to the same outcome (see Matter of Allcity Ins. Co. [Russo], 199 AD2d 88 [1st Dept 1993]; see also Matter of Government Empls. Ins. Co. v Albino, 91 AD3d 870, 871 [2d Dept 2012]).
Since Hereford met its burden of showing "sufficient evidentiary facts" to establish a "genuine preliminary issue" justifying the stay, the motion court properly stayed arbitration [*2]pending a trial of the threshold issue of coverage (Matter of Empire Mut. Ins. Co. [Zelin], 120 AD2d 365, 366 [1st Dept 1986]; see also Matter of AIU Ins. Co. v Cabreja, 301 AD2d 448, 449 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK