Matter of Allstate Ins. Co. v Deleon (2018 NY Slip Op 01915)





Matter of Allstate Ins. Co. v Deleon


2018 NY Slip Op 01915


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-12734
 (Index No. 4963/14)

[*1]In the Matter of Allstate Insurance Company, petitioner-respondent,
v Peter Deleon, appellant, et al., respondents.


Mitchell Dranow, Sea Cliff, NY, for appellant.
Karen L. Lawrence, Garden City, NY (Donald W. Sweeney of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Peter Deleon appeals from a judgment of the Supreme Court, Nassau County (Sher, J.), entered April 15, 2016, which, after a framed-issue hearing, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the judgment is affirmed, with costs.
On April 6, 2013, Peter Deleon (hereinafter the appellant) was operating a vehicle on Sunrise Highway in Hempstead when he was involved in a multivehicle accident. In addition to the appellant's vehicle, there were three other vehicles known to have been involved in the accident. According to the appellant, however, another vehicle, which he described as a "pick-up truck with a landscaping trailer attached," initially struck his vehicle and then left the scene. Under a policy of insurance issued by the petitioner, the appellant demanded arbitration of his claim for uninsured motorist benefits for the injuries he allegedly sustained in the accident. The petitioner thereafter commenced this proceeding, inter alia, to permanently stay arbitration of the appellant's claim. In support of the petition, the petitioner submitted, inter alia, an uncertified police accident report containing a statement by the appellant that "an unknown vehicle with a red trailer cut him off causing him to change lanes" and strike another vehicle. The Supreme Court temporarily stayed arbitration pending a framed-issue hearing to determine whether there was physical contact between the unidentified vehicle and the appellant's vehicle. After the framed-issue hearing, the court entered a judgment granting that branch of the petition which was to permanently stay arbitration. On appeal from the judgment, the appellant contends that the petitioner was not entitled to a framed-issue hearing.
" The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002, quoting Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in [*2]a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Hertz Corp. v Holmes, 106 AD3d at 1003). "Physical contact is a condition precedent to an arbitration based upon a hit-and-run accident involving an unidentified vehicle" (Matter of Progressive Northwestern Ins. Co. v Scott, 123 AD3d 932, 932). " The insured has the burden of establishing that the loss sustained was caused by an uninsured vehicle, namely, that physical contact occurred, that the identity of the owner and operator of the offending vehicle could not be ascertained, and that the insured's efforts to ascertain such identity were reasonable'" (id. at 932, quoting Matter of Nova Cas. Co. v Musco, 48 AD3d 572, 573).
Here, the petitioner, by submitting the police accident report containing the appellant's statement that his vehicle was cut off by an unknown vehicle with a red trailer, raised a triable issue of fact as to whether physical contact occurred between the appellant's vehicle and the alleged unidentified hit-and-run vehicle (see Matter of Allstate Ins. Co. v Aizin, 102 AD3d 679, 681; Matter of Eveready Ins. Co. v Scott, 1 AD3d 436, 437; Matter of Midwest Mut. Ins. Co. [Roberson], 64 AD2d 985). Contrary to the appellant's contention, the Supreme Court properly directed a framed-issue hearing to determine whether a hit-and-run vehicle was involved in the accident (see Matter of Allstate Ins. Co. v Carraro, 130 AD3d 1021; cf. Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d at 865; Matter of Hertz Corp. v Holmes, 106 AD3d at 1003; Matter of Allstate Ins. Co. v Aizin, 102 AD3d at 681; Matter of Maryland Cas. Co. v Piasecki, 235 AD2d 423).
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court