Matter of Allmerica Fin. Benefit Ins. v Kokotos (2019 NY Slip Op 00113)





Matter of Allmerica Fin. Benefit Ins. v Kokotos


2019 NY Slip Op 00113


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-07294
 (Index No. 703873/15)

[*1]In the Matter of Allmerica Financial Benefit Ins., appellant, 
v
Steven Kokotos, respondent.


Baxter Smith & Shapiro, P.C., Hicksville, NY (Anne Marie Garcia and Catherine F. Cavanagh of counsel), for appellant.
Marku Beno & Tsamblakos, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Arshia Hourizadeh, and Lauren Bryant], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered June 7, 2016. The order, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner, Allmerica Financial Benefit Ins., commenced this proceeding, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits on the ground that there was no physical contact between the vehicle of its insured, Steven Kokotos, and an alleged hit-and-run vehicle. After a framed-issue hearing to determine whether there was physical contact between Kokotos's vehicle and the alleged hit-and-run vehicle, the Supreme Court denied that branch of the petition which was to permanently stay arbitration and dismissed the proceeding. The petitioner appeals.
Physical contact is a condition precedent to recovery on an uninsured motorist claim based upon a hit-and-run accident (see Insurance Law § 5217; Matter of Allstate Ins. Co. v Killakey, 78 NY2d 325, 328; Motor Veh. Acc. Indem. Corp. v Eisenberg, 18 NY2d 1, 3; Matter of Progressive Northwestern Ins. Co. v Scott, 123 AD3d 932, 932-933; Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d 947, 947; Matter of Nova Cas. Co. v Musco, 48 AD3d 572, 573). "The insured has the burden of establishing that the loss sustained was caused by an uninsured vehicle, namely, that physical contact occurred, that the identity of the owner and operator of the offending vehicle could not be ascertained, and that the insured's efforts to ascertain such identity were reasonable" (Matter of Nova Cas. Co. v Musco, 48 AD3d at 573).
Here, Kokotos met his burden of establishing physical contact between his vehicle and a hit-and-run vehicle with his testimony, credited by the Supreme Court, that he lost control of his vehicle after he was struck from behind by another vehicle, which then fled the scene. The record supports the court's determination to deny that branch of the petition which was to [*2]permanently stay arbitration and to dismiss the proceeding (see Matter of American Tr. Ins. Co. v Caba, 137 AD3d 1018, 1019-1020; Matter of Nova Cas. Co. v Musco, 48 AD3d at 573).
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court