Matter of Government Employees Ins. Co. v Siouni (2022 NY Slip Op 06127)

Matter of Government Employees Ins. Co. v Siouni

2022 NY Slip Op 06127

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-09538
 (Index No. 612554/18)

[*1]In the Matter of Government Employees Insurance Company, respondent, Roni 
v
Siouni, appellant.

Aaron Loloey (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Gail S. Lauzon (James G. Bilello, Hicksville, NY [Susan J. Mitola], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Roni Siouni appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered July 11, 2019. The order, after a framed-issue hearing, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed, on the facts, with costs, and that branch of the petition which was to permanently stay arbitration is denied.
The petitioner commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, on the ground that there was no physical contact between the vehicle of its insured, the respondent, Roni Siouni, and an alleged hit-and-run vehicle. After a framed-issue hearing, the Supreme Court granted that branch of the petition which was to permanently stay arbitration. Siouni appeals.
"Physical contact is a condition precedent to an arbitration based upon a hit-and-run accident involving an unidentified vehicle" (Matter of Progressive Northwestern Ins. Co. v Scott, 123 AD3d 932, 932; Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d 947, 947; see Insurance Law § 5217; Matter of Allstate Ins. Co. v Killakey, 78 NY2d 325, 327-328). The burden is on the insured to establish "that the loss . . . was caused by an uninsured vehicle, namely, that physical contact occurred, that the identity of the owner and operator of the offending vehicle could not be ascertained, and that the insured's efforts to ascertain such identity were reasonable" (Matter of Nova Cas. Co. v Musco, 48 AD3d 572, 573; see Matter of Progressive Northwestern Ins. Co. v Scott, 123 AD3d at 932; Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d at 947-948).
Where, as here, a matter is determined after a hearing, this Court's power to review the evidence is as broad as that of the hearing court, taking into consideration in a close case the fact that the hearing court had the advantage of seeing the witnesses (see Matter of Progressive Northwestern Ins. Co. v Scott, 123 AD3d at 933; Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d at 948).
Contrary to the Supreme Court's conclusion, Siouni met his burden of establishing that physical contact occurred with his testimony that his vehicle struck the base of a light pole after he swerved to avoid, and was struck on the rear passenger side of his vehicle by, a vehicle which then left the scene (see Matter of Liberty Mut. Ins. Co. v Vella, 83 AD3d 716, 717; Matter of Nova Cas. Co. v Musco, 48 AD3d at 572). Accordingly, the court should have denied that branch of the petition which was to permanently stay arbitration.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court